In the Matter of the Petition of George Becker, Appellant, for an Order Pursuant to Article 78 of the Civil Practice Act, against Ernest E. Cole, as Commissioner of Education of the State of New York, and William A. Hanning and Others, as Members of the Board of Examiners of the Board of Education of the City of New York, Respondents.— This is an appeal from an order of the Albany Special Term dismissing a proceeding under article 78 of the Civil Practice Act to review a determination of the Commissioner of Education, and is an appeal brought under section 890 of the Education Law from the action of the board of examiners of the board of education of the city of New York in refusing to recommend to the superintendent of schools the issuance to appellant of a license as principal of day elementary schools. The appellant participated in a written examination for license and placement on an eligible list for the position of principal in the day elementary schools of the city of New York, which was denied him by the board of examiners because of failure in the written examination and in the content interview test. Appellant was permitted to proceed with the content interview test although his grade in the written examination therein was in the consideration zone. A subcommittee of the board of examiners, consisting of assistant examiners and examiners, recommended to the board of examiners that the appellant receive a passing grade in the content interview test for high school principal. A short time prior to appellant's participation in the content interview test for principal's license, he took a similar content test in connection with a license as assistant principal. The appellant failed in this test with the result that when the latter test was called to the attention of the board of examiners he was directed to appear before the entire board of examiners for a continued content interview test for both licenses. This procedure was in conformity with the practice of the board of examiners and pursuant to their by-laws. The board,

after conducting the continued content interview test, granted him an unsatis-factory rating in the tests for both licenses. His rating in connection with his candidacy for a license as principal is in issue in this proceeding. The record shows that the Commissioner of Education rendered his decision and gave due consideration to all of the facts and to the law applicable thereto, and that his decision is supported by the record. There is nothing in the record to show that his decision was arbitrary or capricious or unreasonable, and the order appealed from should be affirmed. Order affirmed, with costs. Crapser, Bliss, Heffernan and Foster, JJ., concur; Hill, P. J., concurs in the result. Hill, P. J.: Subdivision 10 of section 12 of the by-laws of the board of examiners provides if there is reason-able doubt as to the accuracy of the original personal test a further examination may be had " before an examiner (with or without an assistant examiner), before a committee of examiners, or before the Committee of the Whole." A majority of the committee of the whole have already passed adversely upon petitioner's application. It would have been a fairer test had the further examination been held before a committee of examiners who had not previously passed upon peti-tioner's qualifications.